UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KARLIS WRIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No.: 2:08-CV-61 |
| HYUNDAI MOTOR MANUFACTURING | ) Jury Trial Demanded |
| ALABAMA, LLC, a limited liability | ) |
| corporation licensed in the State of Alabama, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

**COMES NOW**, Plaintiff Karlis Wright against above-captioned Defendant and would show unto this Court as follows:

### JURISDICTION AND VENUE

1. Plaintiff files this Complaint and invokes the jurisdiction of this Court under and by virtue of the Fifth and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. § 1981(a), 28 U.S.C. § 1331, 28 U.S.C. § 1343, 28 U.S.C. § 2201, 28 U.S.C. § 2202, and the doctrine of supplemental jurisdiction to obtain declaratory relief and compensatory and punitive damages. Defendant violated Plaintiff's rights as guaranteed by the Constitution of the United States and by federal law.

2. The violations of Plaintiff's rights as alleged herein occurred in Montgomery County, Alabama, and were committed within the Middle District of the State of Alabama.

### PARTIES

3. Plaintiff Karlis Wright (hereinafter referred to as "Plaintiff"), who is over the age of 19 years,

is and was at all times material hereto a member of a protected class, African-American, and a citizen of the United States and the State of Alabama, residing in Montgomery County, Alabama.

4. Defendant Hyundai Motor Manufacturing Alabama, LLC (hereinafter referred to as "Defendant"), is a limited liability corporation, licensed and doing business within the State of Alabama.

## NATURE OF PROCEEDINGS

5. This is a proceeding for a declaratory judgment as to Plaintiff's rights and for a permanent injunction, restraining Defendant from maintaining a policy, practice, custom or usage of discrimination against Plaintiff and all others similarly situated because of race, and restraining the further subjection of Plaintiff to disparate treatment with respect to the making and enforcement of contracts. This Complaint also seeks restitution to Plaintiff of all rights, privileges, and benefits that would have been received by Plaintiff but for Defendant's unlawful and discriminatory practices. Furthermore, Plaintiff seeks compensatory and punitive damages for his suffering as a consequence of the wrongs alleged herein and such equitable relief, costs, and fees, as to which he may be entitled.

6. Plaintiff avers that Defendant, by and through its agents, acted to deny Plaintiff his rights under the laws of the United States of America and the State of Alabama, and that such action was designed to discriminate against Plaintiff who is a member of a protected class, African-American.

7. Plaintiff avers that Defendant's actions were designed to prevent him and others similarly situated from obtaining an equality with non-protected group members in the making and enforcement of contracts and access to public accommodations.

8. As a proximate result of the illegal actions alleged above, Plaintiff has been damaged in that he has been deprived of the right to gainful employment with the employer of his choosing, as well as caused to suffer financial loss, great humiliation, pain, suffering, and mental anguish from then until now.

9. Plaintiff avers that Defendant acted to create a disparate environment with the specific intent or the result to deprive Plaintiff of his rights as alleged above and to cause Plaintiff to be damaged and to discriminate against him because of his race, African-American, and that Defendant is aware of such disparate environment and failed to either prevent or correct it.

## FACTUAL ALLEGATIONS

10. Plaintiffs expressly adopts, as if fully set forth herein, the allegations in each of the foregoing paragraphs.

11. On or around June 2005, Defendant hired Plaintiff as a Team Member.

12. On or around February 2006, Plaintiff was told by his Team Leader to go to another area of Defendant's facility and train another of Defendant's employees (hereinafter referred to as "trainee") to take Plaintiff's position. Plaintiff was applying for another position within Defendant's facility.

13. Plaintiff obeyed his Team Leader's orders. However, notwithstanding the fact that Plaintiff was obeying his Team Leader's orders, Plaintiff's Group Leader, Steve Culpepper (hereinafter referred to as "Culpepper"), reprimanded Plaintiff for being in another area of Defendant's facility.

14. As a result of the foregoing incident, Culpepper placed an incident report in Plaintiff's personnel file however no such report was placed in the trainee's personnel file. Plaintiff unsuccessfully requested that this letter be removed from his personnel file.

15. On or around February or March of 2006, Plaintiff, along with four other employees of Defendant, began the first of four requisite phases to obtain one of three available positions as a "Team Leader." Plaintiff successfully completed and/or satisfied the requirements of each phase.

16. The four other employees competing for these three available positions included three Caucasians and one African-American. The three available positions were awarded to the three Caucasian employees who possessed less experience, knowledge, training, and/or education than either Plaintiff or the other African-American employee.

17. Plaintiff was not chosen for one of these three available positions because of his race, African-American.

## CAUSE OF ACTION

18. As to the cause of action set forth below, Plaintiff expressly adopts, as if fully set forth herein, the allegations of each and all of the preceding paragraphs.

## COUNT I – RACE DISCRIMINATION UNDER 42 U.S.C. § 1981(a)

19. Plaintiff claims that the acts complained of herein impaired his rights under 42 U.S.C. § 1981(a), specifically that the acts of discrimination affected the making of contracts and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship enjoyed with Defendant.

20. Plaintiff avers that those benefits, privileges, terms and conditions of which Plaintiff was either deprived or whose right to same was impaired by acts of discrimination, were enjoyed by Caucasians.

21. Plaintiff avers that the discrimination complained of is causally connected to his race, African-American.

22. As a result of the violations of Plaintiff's rights under 42 U.S.C. § 1981(a), Plaintiff has been damaged and claims entitlement to any and all relief as may be afforded him to redress said wrongs.

23. Plaintiff maintains that Defendant is liable for the wrongs alleged herein under 42 U.S.C. § 1981(a) pursuant to the doctrine of respondeat superior.

### **PRAYER FOR RELIEF**

WHEREFORE THE PREMISES CONSIDERED, Plaintiff prays that this Court will:

a) Enter a declaratory judgment that the discriminatory practices complained of herein are unlawful and violative of 42 U.S.C. § 1981(a);

b) Under 42 U.S.C. §1981, permanently enjoin Defendant, its related agents, successors, officers, employees, attorneys and those acting in concert with it from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, particularly further discrimination and retaliation as against Plaintiff, and from continuing any and all other practices shown to be in violation of applicable law;

c) Order modification or elimination of practices, policies, customs, and usages set forth herein and all other such practices shown to be in violation of applicable law that it not discriminate on the basis of race;

d) Grant Compensatory damages to Plaintiff in an amount yet to be ascertained;

e) Grant Punitive damages to Plaintiff in an amount to be determined by the trier of facts;

f) Grant Plaintiff the costs of this action including reasonable attorney's fees; and

g) Grant such other, further and different relief as this Court may deem just and proper

to include all other equitable and legal relief as to which they may be entitled.

RESPECTFULLY SUBMITTED on this the ___ day of January, 2008.

                                                Keith Anderson Nelms
                                                Attorney for Plaintiff
                                                ASB–6972-E63K
                                                847 So. McDonough Street, Ste 100
                                                Montgomery, AL 36104
                                                (334) 263-7733 Telephone
                                                (334) 832-4390 Fax
                                                andynelms@andersonnelms.com

**OF COUNSEL:**
ANDERSON NELMS & ASSOCIATES, LLC
847 So. McDonough Street, Suite 100
Montgomery, AL 36104
Telephone:   (334) 263-7733
Fax:         (334) 832-4390


The Defendant may be served at the following address:

Ginger Loy
Legal Department
Hyundai Motor Manufacturing Alabama, LLC
700 Hyundai Boulevard
Montgomery, Alabama 36104

```
DUPLICATE

Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602003555
Cashier ID: brobinso
Transaction Date: 01/25/2008
Payer Name: ANDERSON NELMS AND ASSOC
------------------------------------
CIVIL FILING FEE
  For: ANDERSON NELMS AND ASSOC
  Case/Party: D-ALM-2-08-CV-000061-001
  Amount:         $350.00
------------------------------------
CHECK
  Check/Money Order Num: 1328
  Amt Tendered:   $350.00
------------------------------------
Total Due:        $350.00
Total Tendered:   $350.00
Change Amt:       $0.00

WRIGHT V. HYUNDAI MOTOR ETC
```