**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **KARLIS WRIGHT,** )<br>)<br>    **Plaintiff,** )<br>)<br>v. )<br>)<br>**HYUNDAI MOTOR** )<br>**MANUFACTURING ALABAMA, LLC,** )<br>)<br>    **Defendant.** ) | **CIVIL ACTION NUMBER:**<br>**2:08-cv-00061-SRW** |

## ANSWER

Defendant Hyundai Motor Manufacturing Alabama, LLC, through undersigned counsel, responds as follows to the allegations set forth in the Complaint (Doc. 1) of Plaintiff Karlis Wright.

**I.   Response to Plaintiff's Allegations Regarding Jurisdiction and Venue**

1.   The allegations contained in paragraph 1 of Plaintiff's Complaint require no response from Defendant. However, to the extent such allegations may be interpreted to infer that Defendant unlawfully discriminated against Plaintiff in any manner or that Plaintiff is entitled to any relief from Defendant, such allegations are expressly denied. Defendant further denies any jurisdictional basis pled which invokes the Fifth and Fourteenth Amendments to the Constitution of the United States.

2.   Defendant admits that both jurisdiction and venue are proper. Defendant denies that it violated Plaintiff's rights in any manner, and, therefore, denies the remaining allegations contained in paragraph 2 of Plaintiff's Complaint.

**II.     Response to Plaintiff's Allegations Regarding Parties**

3.     Admitted.

4.     Defendant pleads that it is a limited liability company. With this correction, the allegations contained in paragraph 4 of Plaintiff's Complaint are admitted.

**III.    Response to Plaintiff's Allegations Regarding Nature of Proceedings**

5.     The allegations contained in paragraph 5 of Plaintiff's Complaint require no response from Defendant. To the extent that the allegations contained in paragraph 5 allege that Defendant engaged in unlawful conduct or that Plaintiff is entitled to any relief from Defendant, these allegations are expressly denied.

6.     Denied.

7.     Denied.

8.     Denied.

9.     Denied.

**IV.    Response to Plaintiff's Factual Allegations**

10.    Defendant adopts and incorporates by reference its previous responses as if set forth in full herein.

11.    Defendant pleads Plaintiff's date of hire was June 6, 2005. With this correction, Defendant admits the allegations contained in paragraph 11 of Plaintiff's Complaint.

12.    Denied.

13.    Defendant pleads that Plaintiff was issued a Discussion Planner for not remaining in his assigned work area and completing his assigned work. Defendant denies the remaining allegations contained in paragraph 13 of Plaintiff's Complaint.

14.     Defendant admits that Plaintiff received a Discussion Planner. Defendant denies the remaining allegations contained in paragraph 14 of Plaintiff's Complaint.

15.     Defendant admits that Plaintiff applied for a Team Leader position that was posted in February/March of 2006. Defendant denies the remaining allegations contained in paragraph 15 of Plaintiff's Complaint.

16.     Defendant admits the vacant Team Leader positions were filled by three Caucasian employees. Defendant denies the remaining allegations contained in paragraph 16 of Plaintiff's Complaint.

17.     Denied.

**V.     Response to Plaintiff's Alleged Cause of Action**

18.     Defendant adopts and incorporates by reference its previous responses as if set forth in full herein.

**Response to Count I: Alleged Race Discrimination Under 42 U.S.C. § 1981(a)**

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

**VI.    Response to Plaintiff's Alleged Prayer for Relief**

24.     Defendant denies that Plaintiff is entitled to any of the relief sought in his Complaint.

**VII.    Additional Defenses**

In additional defense, Defendant states as follows:

### FIRST DEFENSE

25.     The Complaint fails in whole or in part to state a claim upon which relief can be granted.

### SECOND DEFENSE

26.     As discovery proceeds, Defendant reserves the right to raise the defense that the Plaintiff has failed to satisfy the statutory conditions precedent to suit under any applicable statute.

### THIRD DEFENSE

27.     Upon discovery of sufficient facts, Defendant reserves the right to raise the defense of "unclean hands" or "after-acquired evidence."

### FOURTH DEFENSE

28.     To the extent Plaintiff has failed to file suit within the applicable statute of limitations, his claims are not actionable pursuant to 42 U.S.C. § 1981.

### FIFTH DEFENSE

29.     Plaintiff cannot present a prima facie case of race discrimination related to his promotion claim because he cannot prove he was qualified for the Team Leader position.

### SIXTH DEFENSE

30.     Plaintiff has failed to mitigate his damages.

**SEVENTH DEFENSE**

31.     Although Defendant denies Plaintiff's race was a determinative or substantial motivating factors in any adverse employment action which may be found to have occurred, if Plaintiff demonstrates that such protected characteristic was such a factor, in the case of each such decision or alleged adverse employment action, Defendant will show that the same decision would have been reached regardless of the Plaintiff's protected characteristic.

**EIGHTH DEFENSE**

32.     At all times relevant to this suit, Defendant maintained a policy prohibiting unlawful harassment, discrimination or retaliation and allowing Plaintiff to seek redress of any alleged harassing, discriminatory or retaliatory treatment.  Plaintiff failed to make any timely complaint of such alleged treatment, and Plaintiff's claims against the Defendant are thereby barred.

**NINTH DEFENSE**

33.     All actions taken in regards to the Plaintiff were based upon legitimate, non-discriminatory reasons.

**TENTH DEFENSE**

34.     Defendant denies that it has consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the Plaintiff or has been guilty of any conduct which entitles the Plaintiff to recover punitive damages.

## ELEVENTH DEFENSE

35. Defendant avers that any award of punitive damages to the Plaintiff in this case would be in violation of the constitutional safeguards provided to the defendant under the Constitution of the United States of America.

## TWELFTH DEFENSE

36. The Plaintiff cannot establish a prima facie case of discrimination.

## THIRTEENTH DEFENSE

37. Even if Plaintiff could state a prima facie case of discrimination, he cannot establish that the Defendant's legitimate, non-discriminatory reasons for its actions were a pretext for an intent to discriminate against him on the basis of his race.

## FOURTEENTH DEFENSE

38. To the extent Plaintiff's allegations might be interpreted to raise an unlawful harassment claim, Plaintiff is barred as a matter of law from recovering for a hostile work environment or harassment based claim because Defendant exercised reasonable care to prevent and promptly correct any harassing behavior, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

## FIFTEENTH DEFENSE

39. Plaintiff is not entitled to compensatory damages because any emotional distress or mental anguish he allegedly suffered was caused by occurrences other than conduct for which the Defendant is liable as a matter of law.

## SIXTEENTH DEFENSE

40. Punitive damages are not available because the actions alleged in the Complaint were contrary to the Defendant's policies and good faith efforts to comply with the laws.

## SEVENTEENTH DEFENSE

41. No action of the defendant proximately caused any injury or damage allegedly suffered by the Plaintiff.

## EIGHTEENTH DEFENSE

42. The Plaintiff's compensatory and punitive damages claims under Title VII are subject to the limitations imposed by 42 U.S.C. § 1981a.

## NINETEENTH DEFENSE

43. Some or all of the Plaintiff's claims may be barred by the doctrines of estoppel or waiver.

## TWENTIETH DEFENSE

44. Defendant denies that any alleged unlawful conduct was done in the line and scope of the employment of any of its agents, and Defendant did not authorize or ratify any such alleged unlawful conduct.

## TWENTY-FIRST DEFENSE

45. Defendant denies that it or any of its authorized agents engaged in malicious, willful, reckless or other conduct which entitles Plaintiff to punitive damages.

**WHEREFORE**, having fully answered the Plaintiff' Complaint, Defendant respectfully requests that the Plaintiff' Complaint be forthwith dismissed and Defendant awarded fees and expenses incurred in the defense of this frivolous and vexatious action.

/s/ J. Trent Scofield

J. Trent Scofield (SCO-024)
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
Fax: (205) 328-6000
E-mail: trent.scofield@odnss.com

Attorney for Defendant Hyundai Motor
Manufacturing Alabama, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of February, 2008, I electronically filed the foregoing *ANSWER* on behalf of Defendant Hyundai Motor Manufacturing Alabama, LLC with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Keith Anderson Nelms.

/s/ J. Trent Scofield
J. Trent Scofield (SCO-024)
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
E-mail: trent.scofield@odnss.com